UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL NO. 6:08-misc-6006-GFVT

UNITED STATES OF AMERICA                                              PLAINTIFF

V.                         RECOMMENDED DISPOSITION

LOUIS MARVIN SZORCSIK                                                 DEFENDANT

\* \* \* \* \*

The Court, on referral, *see* DE# 4, considers alleged supervised release violations by Defendant Louis Marvin Szorcsik. The Southern District of Texas originally convicted Defendant for a Class B controlled substance offence (possession with intent to distribute 500+ grams of cocaine) in violation of 21 U.S.C. § 841(a)(1), § 841(b)(1)(B) and 18 U.S.C. § 2. Szorcsik's original punishment terms were 108 months of imprisonment followed by 4 years of supervised release. *See* DE #5-4 (Judgment). Szorcsik began his supervised release term on November 6, 2006. This Court accepted jurisdiction by transfer, per 18 U.S.C. § 3605, on March 19, 2008. *See* DE #1.

The USPO issued a Supervised Release Violation Report five (5) days later, on March 24, 2008, and secured a warrant from the District Judge. Szorcsik appeared for initial proceedings under Rule 32.1 on May 2, 2008. *See* DE #10 (Minutes).

At a final hearing, Defendant competently entered a knowing, voluntary, and intelligent stipulation to the majority of the report charges, after the Court afforded Szorcsik all rights due under Rule 32.1 and 18 U.S.C. § 3583.[1] The report alleges that, on February 25, 2008, Middlesboro

---

[1] The Court offered a Rule 32.1 preliminary hearing, which Defendant competently waived. *See* DE #10. The Court thus set and conducted a final hearing. Szorcsik validly stipulated to the

1

(Ky.) Police arrested Defendant in possession of 7.5 pounds of marijuana. He faces state charges for trafficking, DUI, and various motor vehicle offenses. The USPO's report charges that Defendant violated supervised release conditions by a) engaging in the described criminal conduct; b) leaving the jurisdiction without permission [Officers had received information tracking Defendant from Tennessee to Kentucky]; and c) failing to notify promptly the USPO of the arrest [the USPO finally contacted Defendant several weeks later].

The criminal conduct arguably included a trafficking felony under Kentucky law, and the USPO made that allegation. However, the United States agreed at the final hearing to drop violation #1, which asserted that the conduct would be a state trafficking felony. In exchange, Defendant stipulated to the remaining three allegations, which involved unlawful controlled substance possession and the notification and unauthorized travel charges. Notably, unlawful controlled substance possession in this instance still would be a felony under federal law. *See* 21 U.S.C. § 844(a)(simple possession, as felony, with prior drug conviction).

The Court has evaluated the full record, including the release violation documents and sentencing materials from the underlying Judgment in the Southern District of Texas. The Court has considered all of the § 3553 factors imported into the § 3583(e)(3) analysis.

---

content of the Report, in substantial part, and the Court offered the parties the opportunity to present any proof and make any argument concerning the proper disposition of the matter. The Court also expressly informed Defendant of his right of allocution before the District Court.
    At the initial appearance, the Court also considered interim detention. The United States sought detention, and in the Court's assessment, Szorcsik failed to carry the heavy release burden under Rule 32.1(a)(6) and 18 U.S.C. § 3143(a), which expressly govern the analysis. Defendant did not establish, by clear and convincing evidence, that he would not flee or pose a danger if released during the interim. *See id*.

Under § 3583, a defendant's maximum penalty for a supervised release violation[2] hinges on the gravity of the underlying offense of conviction. Szorcsik's § 841(a)(1) aggravated conviction is for a Class B felony. *See* 21 U.S.C. § 841(b)(1)(B)(applying 5-40 year sentence); 18 U.S.C. § 3559(a)(2). For a Class B felony, the maximum revocation sentence provided under § 3583 is three (3) years of imprisonment. *See* 18 U.S.C. § 3583(e)(3).

The Policy Statements in Chapter 7 of the Guidelines provide advisory imprisonment ranges for revocation premised on criminal history (at the time of original sentencing) and the "grade" of the particular violation proven. *See United States v. Perez-Arellano*, 212 F.App'x. 436, 438-439 (6th Cir. 2007)("Although the policy statements found in Chapter Seven of the United States Sentencing Guidelines recommend ranges of imprisonment, U.S.S.G. § 7B1.4 , such statements 'are merely advisory' and need only be considered by the district court before sentence is imposed.")(citation omitted). Under § 7B1.1(a)(2), the nature of Defendant's admitted conduct would qualify as a Grade B violation because it encompasses felonious conduct per 21 U.S.C. § 844(a). With a criminal history category of VI (the category at the time of the conviction in the Texas federal court) and a Grade B violation, Defendant's range, under the Revocation Table of Chapter 7, is 21-27 months.

A court also may reimpose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration actually imposed due to the violation. *See* 18 U.S.C. § 3583(b) & (h). The post-revocation cap depends on the "term of supervised release authorized by

---

[2] The proof standard is a preponderance of the evidence, *see* § 3583(e)(3), which Defendant's stipulation and the proffered corroborating evidence (including the USPO Report and the underlying offense documentation) obviously satisfy. The preponderance standard applies even when the alleged violation at issue is commission of another crime. Thus, absent stipulation, the United States would be required to prove the criminal elements by only a preponderance of the evidence. *See, e.g., United States v. Carlton*, 442 F.3d 802, 807-12 (2d Cir. 2006)(discussing § 3583(e) proof standards in context of alleged criminal conduct as supervised release violation).

statute for the offense that resulted in the original term of supervised release." *See* 18 U.S.C. § 3583(h). The general supervision-term limits of § 3583(b) apply "[e]xcept as otherwise provided." *See id.* In this instance, the Court believes that the potential reimposed supervised release term has no cap, because the offense of conviction carried a supervised release term of "at least 4 years." *See* 21 U.S.C. § 841(b)(1)(B). Such language typically yields a finding of **no** statutory maximum. *See, e.g., United States v. Rogers*, 382 F.3d 648, 652 (7th Cir. 2004)(recognizing that "life sentence of supervised release" is conceivable under Class A drug felony, for which statutory punishment of § 841(b)(1)(A) required "at least 5 years" of supervised release); *see also United States v. Samour*, 199 F.3d 821, 824 n. 2 (6th Cir. 1999)(noting that 21 U.S.C. § 841(b)(1)(c), which calls for "at least 3 years" of supervised release, "establishes a minimum, not a maximum").

The parties, as indicated, reached an agreement on the violations and proof, but the parties did not have a joint recommendation on the disposition. The United States deferred to the Court's judgment and also did not advocate for (or against) reimposed supervised release following revocation. The defense argued various mitigation factors – including Defendant's apparent cancer and his acceptance of responsibility – and sought leniency from the Court.

The Court has carefully weighed the nature and circumstances of the offense[3] and Defendant's particular history and characteristics. The United States did not pursue a trafficking angle at the final hearing, but Defendant did admit to possession of 7.5 pounds of marijuana. The Court notes

---

[3] The Guidelines suggest that the *primary* wrong in the supervised release context is violation of the Court's trust by an offender; the particular conduct is an important but secondary issue. *See* Guidelines 7 Pt. A(3)(b)("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). This observation does not detract from but rather shapes the Court's analysis of the statutory factor encompassing offense conduct.

Szorcsik's long and troubling record of controlled substance recidivism. Indeed, the sentencing materials from Texas reflect separate felony cocaine trafficking convictions from 1992, followed, of course, by the 1999 Class B cocaine felony conviction ultimately resulting in supervision in this District. The 1999 offense occurred while Defendant was on probation from the 1992 convictions. Defendant exhibits no intention of following either the law or restrictions from a court. The mitigation evidence offered has no persuasive force; Szorcsik's sickness existed at the time of the conduct at issue and plainly did not reduce his ability to engage in illegal conduct or disobey conditions of supervision.

Although the Court gives Defendant some credit for stipulating to the offenses pursued, with a criminal history category of VI and additional drug activity, Szorcsik cannot rationally expect much leniency. The lower grade offenses – related to failure to notify and extra-jurisdictional travel – reinforce that Defendant is untrustworthy as a releasee. Congress also *mandates* revocation in a case of this nature. By statute, the Court must revoke Defendant because he "possessed" a controlled substance. *See* 18 U.S.C. § 3583(g)(1).

The Court recommends revocation and imprisonment for 27 (twenty-seven) months. Such a sentence is sufficient, but not greater than necessary, to meet the § 3553 purposes. Szorcsik's conduct (and record) undoubtedly warrant the most significant punishment in the Guidelines range. By this recommendation, the Court acknowledges that incarceration has little obvious deterrent effect on Defendant, but his removal from society does offer needed protection from community danger. The recommendation is at the top of but within the Chapter 7 advisory range.

The Court, based on consultation with the USPO, does not believe that additional post-release supervision would be useful. The lone justification, at this stage, might be ongoing public protection, but Defendant has not shown that supervision (or possible revocation) has any salutary effect on his behavior or attitude toward legal obedience. Additionally, and because of the cumulative cap on revocation that would apply to Defendant,[4] his remaining potential revocation term for a future offense would be limited.

As such, and following the § 3553 assessment, the Court recommends:

1. Revocation and incarceration for a term of twenty-seven (27) months, with Defendant to receive access to suitable drug treatment,[5] if reasonably available and if sought by Defendant, during custody;

2. No additional supervised release term; and

3. That the District Judge recommend expedited designation, by the BOP, to a facility equipped to deal with and treat Defendant's medical conditions.

After consideration of the entirety of Chapter 7, and applying the binding statutory factors in § 3553, the Court views the recommended sentence as sufficient but not greater than necessary to effectuate and comply with the statute's purposes.

---

[4] Though the statute no longer is cumulative, because of the § 3583 version applicable to Defendant, his maximum cumulative revocation term for any violations would be 36 months. *See United States v. Williams*, 425 F.3d 987, 988-99 (11th Cir. 2005)(discussing cumulative cap under prior statutory version).

[5] The Court bases this on statements of prior drug use in sentencing materials from Texas.

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record, unless Defendant subsequently files a valid waiver. Absent the filing of a waiver, the matter would proceed, on allocution, as directed by Judge Van Tatenhove.

The Court directs the parties to 28 U.S.C. § 636(b)(1) and Rule 59(b) for appeal rights and mechanics concerning this recommendation, issued under subsection (B) of said statute.

This the 19th day of May, 2008.

Signed By:
Robert E. Wier
United States Magistrate Judge

G:\supr rel vio\szorcsik.wpd